

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JAMES HOWARD, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:19-02425-MGL-MGB |
| | § | |
| ANDREW M. SAUL, | § | |
| *Commissioner of the Social Security* | § | |
| *Administration*, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND REMANDING THE CASE TO DEFENDANT
FOR THE ADMINISTRATIVE LAW JUDGE TO PROPERLY SOLICIT TESTIMONY
FROM THE VOCATIONAL EXPERT REGARDING ALTERNATE JOBS**

This is a Social Security appeal in which Plaintiff James Howard seeks judicial review of the final decision of Defendant Andrew Saul (Saul) denying his claim for disability insurance benefits. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Saul's decision be remanded for the Administrative Law Judge (ALJ) to properly solicit testimony from the vocational expert regarding alternate jobs. The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 5, 2021, and Saul filed a reply on January 16, 2021 stating he would not be filing any objections to the Report.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72  advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Saul's decision is **REMANDED** for the ALJ to properly solicit testimony from the vocational expert regarding alternate jobs.

**IT IS SO ORDERED**.

Signed this 20th day of January, 2021, in Columbia, South Carolina.

/s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE